IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG ELECTRONICS AMERICA, INC., <br><br>　　　　　　Plaintiffs, <br><br>　　v. <br><br>NETLIST, INC., <br><br>　　　　　　Defendant. | C.A. No. 23-1122-JLH |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Netlist, Inc.'s Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (D.I. 8.) For the reasons summarized below, Defendant's Motion is DENIED.

1.　　Plaintiffs Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and Samsung Electronics America, Inc. (together "Samsung") and Defendant Netlist, Inc. ("Netlist") are engaged in a global patent dispute in which Netlist has accused Samsung of infringing at least fifteen patents relating to memory technology. In another case pending before this Court, *Samsung Elecs. Co., Ltd. v. Netlist, Inc.*, No. 21-1453-JLH (D. Del.), Netlist alleges that certain of Samsung's memory modules infringe two allegedly standard-essential patents: U.S. Patent Nos. 9,858,218 ("'218 patent") and 10,474,595 ("'595 patent"). U.S. Patent No. 11,386,024 ("'024 patent") is a continuation of the '218 and '595 patents. Count I of Samsung's Complaint in this case seeks a declaratory judgment that the same memory modules accused of infringing the '218 and '595 patents in No. 21-1453 (which Samsung denies) do not infringe the related '024 patent either. Count II is pleaded in the alternative, and it alleges breach of contract. The theory is that,

to the extent the '024 patent is essential to the memory technology standards set by the Joint Electron Device Engineering Council ("JEDEC"), Netlist breached its obligation to license the '024 patent to Samsung on RAND terms.

2.   Netlist argues that Count I should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. I disagree. Under the Declaratory Judgment Act, a district court has jurisdiction to "declare the rights and other legal relations of any interested party," 28 U.S.C. § 2201(a), when, "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The totality of the circumstances—including that the parties are currently engaged in a global patent dispute in which Netlist has repeatedly sued Samsung and its customers for infringement, and Netlist alleges that the same products at issue in this case infringe two patents related to the patent at issue in this case—make clear that an immediate, actual controversy exists over whether Samsung infringes the '024 patent. Notably, Netlist has not offered a covenant not to sue on the '024 patent. *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325, 1331 (Fed. Cir. 2014). Nor is the Court persuaded that it should exercise its discretion to decline to entertain Samsung's request for a declaratory judgment.

3.   Netlist does not dispute that the Court may exercise supplemental jurisdiction over Count II. But Netlist argues that Count II should be dismissed under Rule 12(b)(6) for failure to state a claim. I disagree. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Count II is pleaded in the alternative, and it plausibly alleges that, if the '024 patent claims read

on the functionality in Samsung's products, then the '024 patent is essential and must be licensed on RAND terms.

    4.    For the reasons set forth above, Netlist's Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) is DENIED.

Dated: March 4, 2025

                                                The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE