## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD. SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG ELECTRONICS AMERICA, INC. | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 23-1122 (JLH) **CONSOLIDATED** |
| v. | ) ) | |
| NETLIST, INC., | ) ) | |
| Defendant. | ) | |

### STIPULATED PROTECTIVE ORDER

1.    <u>PURPOSE AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. District of Delaware Local Rule 5.1.3 and Paragraph 5 of the Court's Scheduling Order (D.I. 29) sets forth the procedures that must be followed and the standards that will be applied when a Party files material under seal.

2.    <u>DEFINITIONS</u>

2.1.    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that contain confidential or proprietary information or trade secrets of a Producing Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such information or things.

2.3.  <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4.  <u>Designating Party</u>: Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE".

2.5.  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.  <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.7.  <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2

2.8.    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE"</u>

<u>Information or Items</u>: extremely sensitive "CONFIDENTIAL" Information or Items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, and/or live data (that is, data as it exists residing in a database or databases), disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means ("Source Code Material"). For the avoidance of doubt, Source Code Material includes (i) human-readable programming language text that defines or describes the software, firmware, hardware, and circuits (e.g., Verilog and VHDL files) and (ii) files defining the physical arrangements of circuits such as circuit schematics, layouts, placement and routing information, netlists, and layers (e.g., Graphic Database System (GDS), GDSII stream format, Design Exchange Format (DEF), Library Exchange Format (LEF), and LiveData files) (collectively, "Layout Files"). Source Code Material further includes the text of any comments associated with any of the foregoing, any files that comprise, include, or substantially disclose or describe any of the foregoing, and all directory and folder structures in which such files are maintained.

2.9.    <u>In-House Counsel</u>: attorneys and patent attorneys who are employees of a Party and have responsibility for managing this action.

2.10.    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11.    <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this action but are retained to represent or advise the Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12. <u>Party</u>: any party to this action.

2.13. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, electronically stored information (ESI) consulting or document management, preparing exhibits or demonstrations, organizing, storing, or retrieving data in any form or medium, professional jury or trial consulting, and mock trial coordination) and their employees and subcontractors, who (1) have been retained by a Party or its counsel to provide litigation support services with respect to this action, (2) are (including any employees and subcontractors) not a current employee of a Party, and (3) at the time of retention, are not anticipated to become an employee of a Party.

2.15. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

2.16. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material.

2.17. <u>Relevant Technology</u>: all technical information or materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following

information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, "CONFIDENTIAL" Information or Items, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items, or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized

5

designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2.    <u>Manner and Timing of Designations</u>. A designation of Disclosure or Discovery Material may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party or Non-Party that inadvertently or unintentionally produces "CONFIDENTIAL" Information or Items without designating as Protected Material may request destruction of that "CONFIDENTIAL" Information or Items by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the disclosure, and providing replacement "CONFIDENTIAL" Information or Items that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced "CONFIDENTIAL" Information or Items and any documents, information or material derived from or based thereon. In the event of a disclosure of any "CONFIDENTIAL" Information or Items to any person or persons not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall promptly notify counsel for the Producing Party whose "CONFIDENTIAL" Information or Items has been disclosed and shall cooperate in good faith to

retrieve the improperly disclosed "CONFIDENTIAL" Information or Items and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings</u>), that the Producing Party, to the extent feasible, affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" to each page that contains Protected Material. Electronic documents produced in native format shall have the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," or similar abbreviations, as appropriate, in the filename of the native file.

A Party or Non-Party that makes original documents or materials available for inspection (other than "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" documents or materials which are governed by Section 11 below) need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE") to Protected Material in accordance with this Order.

(b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party, on the record before the close of the deposition, hearing, or other proceeding or within thirty (30) days after receipt of a final transcript of the deposition, hearing, or other proceeding, designate the transcript or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." Access to the transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order.

Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and the level of protection being asserted by the Designating Party. Any transcript that is prepared before the expiration of the 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated, subject to the other provisions of this Order.

(c)    <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE".

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1.    <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3.    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall seek the Court's assistance in accordance with Paragraph 9.g of the Scheduling Order within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute,

whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding Paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.    <u>ACCES TO AND USE OF PROTECTED MATERIAL</u>

7.1.    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Protected Material shall not be copied or otherwise reproduced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.

7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation. Outside Counsel of Record shall have the duty of informing Outside Counsel of Record's employees in the same law firm who receive designated material per Paragraphs 7.2, 7.3, or 7.4 of the applicable provisions of this Order and ensuring compliance with its terms;

(b)    In-House Counsel of the Receiving Party who either has responsibility for overseeing this litigation or who is assisting outside counsel in this litigation, except that a Counter-Defendant's in-house counsel and employees under this paragraph shall not have access to any other Counter-Defendant's "CONFIDENTIAL" Information or Items;

(c)    Experts (as defined in this Order) of the Receiving Party retained for the purpose of this litigation, provided that before access is given to an Expert, the Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), the same is served upon the Producing Party at least ten (10) days before access is given to the Expert, and no unresolved objections to the disclosure to the Expert exist after compliance with the requirements set out in Section 7.5 below;

(d)    the Court and its personnel;

(e)    any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(f)    court reporters, videographers and/or their staff, Professional Vendors, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this action;

(g)    mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) provided that the Information or Items was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); the person is the designating party, or is a director, officer, employee, consultant, or agent of the designating party and has, in the ordinary course of business, had access to such Information or Items; or counsel for the party designating the material agrees that the material may be disclosed to the person. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(i)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information.

7.3.    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to: the individuals listed in Paragraphs 7.2(a) and 7.2(c)-(h).

7.4.    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item

designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" only to: the individuals listed in Paragraphs 7.2(a) and 7.2(c)-(f) and 7.2(h)-(i), provided that disclosure is further limited to:

(a)    up to six (6) of the Experts approved to access designated material pursuant to Paragraph 7.2(c) above who are specifically identified as eligible to access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items. For the purposes of this Paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to Paragraph 7.5, and further provided that there shall be no more than two (2) such personnel. The parties shall reasonably cooperate should additional Experts need to access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items, e.g., because of an Expert's personnel changes.

(b)    court reporters, videographers and their respective staff approved to access designated material pursuant to Paragraph 7.2(f) above who are transcribing or videotaping a deposition wherein "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items are being discussed, provided that such reporters and videographers shall not retain or be given copies of any portions of such material, which if used during a deposition, will not be shown in the deposition video nor attached as an exhibit to the transcript, but instead shall be identified only by its production numbers.

(c) any person approved to access designated material pursuant to Paragraph 7.2(h) above who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence, or who in the ordinary course of their employment had or has access to the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items. A Party must give all parties at least five (5) business days notice that a deposition may involve the disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items to a witness to allow the Designating Party to object, which objection must be made within three (3) business days of the notice. The Parties shall meet and confer within three (3) business days of any such objection. Persons authorized to view "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items pursuant to this sub-Paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items except while testifying at deposition or trial in this action. Only printed copies of the Source Code will be provided to testifying witnesses during their testimony.

7.5.    Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to Paragraphs 7.2, 7.3, or 7.4 first must make a written request to the Designating Party that (1) identifies whether the Party seeks to disclose to the Expert any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7) identifies all publications authored by the Expert within the past ten years.

(b)     A Party that makes a request and provides the information specified in the preceding sub-Paragraph may disclose the subject Protected Material to the identified Expert unless, within ten (10) business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     The Designating Party must, within three (3) business days, meet and confer regarding any such objection (through direct voice to voice dialogue) to try to resolve the matter

---

[1]     If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

by agreement. If no agreement is reached, the Designating Party, as the Party objecting to disclosure of its Protected Material to an Expert, must, within seven (7) days of the meet and confer, seek relief from the Court pursuant to Paragraph 9.g of the Scheduling Order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(d)     In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(e)     A Party who has not previously objected to disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection if new information about that Expert is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

8.    <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any individual who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information of a technical nature (collectively "HIGHLY SENSITIVE MATERIAL") designated by the Producing Party shall not be involved in the prosecution of patents or patent applications pertaining to the Relevant Technology of the patents-in-suit, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this Paragraph, "prosecution" includes (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination

16

and reissue applications; or (ii) directly or indirectly participating in drafting, amending, advising on, or otherwise affecting the scope or maintenance of patent claims. This Prosecution Bar shall begin when the affected individual first receives HIGHLY SENSITIVE MATERIAL and shall end two (2) years after final termination of this action. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit; provided, however, that such Ethical Walls are necessary only between persons who share the same employer. Nothing in this provision shall preclude any person who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order from participating in any post-grant or reexamination proceeding (US or overseas), so long as such persons do not share any HIGHLY SENSITIVE MATERIAL with any individual involved with amending any claims and do not directly or indirectly assist in drafting, amending, or proposing for substitution patent claims in any post-grant proceedings. Notwithstanding the above, and solely after claim amendments are submitted in any such post-grant or reexamination proceeding, any such person may still, in submissions to and appearances at the proceeding, formulate reasons and argue for patentability of such claim amendments (that he or she did not participate in drafting). Nothing in this provision applies to HIGHLY SENSITIVE MATERIAL to which an individual had or has access outside of this action. To the extent a party believes that it is necessary to submit any HIGHLY SENSITIVE MATERIAL produced in this action to the Patent Trial and Appeal Board in connection with any Inter Partes

Review or Post-Grant Review proceedings, that information will be submitted under the highest confidentiality designation under the Patent Trial and Appeal Board's default Protective Order.

9.    SOURCE CODE MATERIAL

9.1.    A Producing Party may designate material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" in accordance with Paragraph 2.8 ("HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" Information or Items).

9.2.    Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only as set forth in Paragraph 7.4.

9.3.    Any Source Code Material produced in discovery shall only be made available for inspection, not produced except as set forth herein, during normal business hours (9:00 a.m. through 5:00 p.m. local time) or at other mutually agreeable times, at (1) an office of the Producing Party or the Producing Party's primary outside counsel of record or (2) another mutually agreed upon location. Any location under (1) or (2) shall be within the United States. The Parties agree to cooperate in good faith such that the location shall not unreasonably hinder the Receiving Party's ability to effectively conduct the prosecution or defense of this Action. The Source Code Material shall be made available for inspection on at least two secured computers (including but not limited to in the ordinary course of business in which the material is viewed and stored), each having: at least a twenty-two inch monitor; a keyboard; and a mouse; (each a "Source Code Computer") in a secured, locked room without Internet access or network access to other computers (except: (a) access to intranets shall be permitted only to the extent necessary to enable access to review tools or any Source Code Material; and (b) Internet access or network configuration may be allowed to the extent permitted by the Producing Party in its sole discretion) and on which all

access ports (including, without limitation, USB, SD Card, or other storage or device ports) have been disabled, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code Material outside or away from the stand-alone computer on which the Source Code Material is provided for inspection, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code Material onto any recordable media or recordable device. The Producing Party will produce Source Code Material in a format allowing it to be reasonably reviewed and searched, i.e., in the native file format, computer searchable format, with the filenames and relative filepath structures as they exist in the ordinary course of business—to the extent practicable—intact, on the Source Code Computer(s) as described above; minor changes to the Source Code Material structure from the native development environment caused by the collection process shall not be deemed a departure from this provision.[2] The secured computer shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone, tablet, personal digital assistant, camera or any camera-enabled device, voice recorder, Dictaphone, telephone jack, CD, floppy disk or drive, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.), whether electronic or non-electronic, is prohibited while accessing the computer containing the Source Code Material, except as expressly permitted herein. All persons entering the locked room containing the Source Code Material must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The Producing Party shall provision the Source Code Computer(s) with search and review tools as reasonably requested and provided by

---

[2]      Nothing in this Order creates an obligation on any Party to collect and produce all source code beyond that which would be required under Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.

the Receiving Party. The requested tools will be limited to tools for searching and reviewing and not include functionality for compiling and running any source code. Examples of search and review tools that qualify as reasonably requested should they be provided by the Receiving Party include the following: Notepad++, dtsearch, PowerGrep, Cygwin (search and review packages only), Beyond Compare, ExamDiffPro, Understand, Slick Edit, Eclipse, and UltraEdit. The Receiving Party shall provide the license for the review tools, and either (a) installation files for such licensed software tool(s), or (b) instructions to download or otherwise obtain such licensed software tool(s) pursuant to the Receiving Party's license. Except as otherwise provided herein, or otherwise agreed by the Parties, prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide seven (7) days' written notice of the first day on which it wishes to inspect the Source Code Material. The Receiving Party shall provide three (3) days' written notice prior to the first day of any additional inspection. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this Paragraph shall be 9:00 a.m. through 5:00 p.m. local time. However, upon reasonable notice from the receiving party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. Inspections and access to the Source Code Computer shall be permitted up until the last expert report is served or filed as required by the Docket Control Order, the Patent Rules, or other court order, unless the Receiving Party can demonstrate good cause. The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the Source Code Computer(s). The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code

Material review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code Material, and only in a manner that does not risk exposing the Receiving Party's work product. The Producing Party shall not install any keystroke or other monitoring software on any Source Code Computer.

9.4.    No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" material, except as provided in this Order. The Receiving Party may request paper copies of limited portions of Source Code Material, including documents reflecting information about Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the Receiving Party request printing of more than seventy-five (75) consecutive pages of Source Code Material, or an aggregate total of more than 950 pages, of Source Code Material during the duration of the case without prior written approval by the Producing Party, which shall not be unreasonably withheld. The Source Code Computer shall be configured with a means for capturing a screenshot of any screen displayed on the Source Code Computer, as permitted herein. The Receiving Party may select portions of the Layout Files to be captured by screenshot only when the Receiving Party has a good faith belief that the selected portions are reasonably necessary to facilitate the Receiving Party's preparation of its claims and defenses. The Receiving Party shall not request the printing of Source Code Material that has not been reviewed on the Source Code Computer, or in order to review the Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing the Source Code Material electronically on the Secure Computer. The Receiving Party shall place a copy of all screenshots to be printed in a folder on the Source Code Computer. The Source Code Material may only be

transported by the Receiving Party via hand carry or via FedEx with tracking and direct signature required for delivery. The Receiving Party shall not request paper copies for the purposes of reviewing the Source Code Material other than electronically as set forth in Paragraph 9.3 in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to facilitate the preparation of the Receiving Party's claims or defenses in this matter. Within five (5) business days, the Producing Party will provide the requested material on plain white paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" unless objected to as discussed below. If the Producing Party objects to the scope of the printed Source Code Material, the Parties shall meet and confer within three (3) business days following notification of an objection. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party must, within five (5) business days, either seek a Court resolution pursuant to Paragraph 9.g of the Scheduling Order and bear the burden of proof regarding whether the printed Source Code Material in question is narrowly tailored and printed for a permitted purpose or provide the requested material to the Receiving Party. Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

9.5.    The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code Material in electronic or paper form. All recipients of printed Source Code Material shall maintain such printouts in a secured, locked area. Any paper copies designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE"

shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access Source Code Material; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Except as provided in Paragraph 9.10 of this Section, the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Any printed pages of Source Code Material, and any other documents or things reflecting Source Code Material that have been designated by the producing party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below. Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

9.6.    The Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under Paragraph 7.4 above to another person authorized under Paragraph 7.4 above via hand carry or via FedEx with tracking and direct signature required for delivery. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as otherwise provided herein. Upon reasonable request, a Producing Party may agree to make one of the Source Code Computer(s) containing or having remote access to the Source Code Material, or a secure computer containing or having remote access to the Source Code Material, available at a hearing or at a deposition of a witness who would otherwise be permitted access to the Source Code Computer(s), subject to Section 7.4.

9.7.     The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code Material but may not copy any lines of the Source Code Material into the notes. Each person authorized to access Source Code Material may use a single laptop computer for the sole purpose of typing notes related to Source Code Material review; provided, however, that said laptop has all picture taking, video recording, and external storage or copying capability and ports disabled, and provided further that, outside of the inspection, such notes are securely stored on the laptop by the receiving Party in a manner consistent with the provisions of this Order. No copies of all or any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code Material is permitted except as otherwise provided herein. Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel, consultants, and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the Source Code Review Room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the Source Code Review Room following each inspection session without a prior agreement to that effect.

9.8.     All persons who will view the Source Code Material shall be identified in writing to the Producing Party in conjunction with any written (including email) notice requesting inspection. Such identification shall be in addition to any other disclosure required under this Order. The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code Material and when they enter and depart. The Producing Party shall be entitled to a copy of the log upon three (3) days' advance notice to the Receiving Party.

Government issued photo identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or any Source Code Computer. Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

9.9.    The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code Material (received from a Producing Party) that are delivered by the Receiving Party to any person, which log shall include the name of each recipient and reviewer of copies and locations (e.g., at a firm's office) where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the Source Code Material.

9.10.    Except as provided in this Paragraph, the Receiving Party may not create electronic images, or any other images, of the Source Code Material from the paper copy for use on a computer (e.g., may not scan the Source Code Material to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of limited excerpts of Source Code Material only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents[3] ("SOURCE CODE DOCUMENTS"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the

---

[3]    Drafts shall only include those excerpts the Receiving Party believes will be included in the final version.

extent permitted herein. The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

9.11.   To the extent portions of Source Code Material are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE.

9.12.   The Receiving Party shall maintain a log of all electronic images and paper copies of Source Code Material in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.

9.13.   Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code Material from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code Material onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code Material in any way from the Producing Party's facilities or the offices of its outside counsel of record.

9.14.    Nothing in this Protective Order shall be construed to limit how the Producing Party may maintain its own material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

10.1.    If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[4]

If the Designating Party timely[5] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's

---

[4]    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[5]    The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 10(a) to seek a protective order.

permission. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

11.1.    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. The Third Parties shall have ten (10) days after production of such information to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. A Non-Party's use of this Order to protect its documents, information, or other material does not entitle the Non-Party to access designated material produced by any Party.

11.2.    In the event that a Producing Party receives a valid discovery request seeking a Non-Party's confidential information in its possession, custody, or control, and the Producing Party is subject to an agreement (other than a protective order) with the Non-Party not to produce the Non-Party's confidential information, then the Producing Party shall:

(a)    promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

28

(b)      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the discovery request, and a reasonably specific description of the information requested; and

(c)      at the Non-Party's request, make the information requested available for inspection by the Non-Party.

11.3.    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Producing Party shall not produce any information that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[6] Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

12.1.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

---

[6]      The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

12.2.    If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written notice to Designating Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

13.    <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any privileged or work product protected information (including documents) in this action shall not be deemed a waiver of any such privilege or protection.[7] Any party or non-party may request the return or destruction of such information, which request shall identify the information and the basis for requesting its return. If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party. When a Producing Party identifies such information as privileged or protected, a Receiving Party: 1) shall not use, and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; 3) shall within five (5) business days of the Producing Party's request: a) return the information and all copies thereof to

---

[7]    This 502(d) provision shall not protect a party's or non-party's affirmative use of its own information against waiver.

the Producing Party; or b) destroy and confirm to the Producing Party in writing that the information and all copies thereof have been destroyed. No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived. Within fourteen (14) days after a Producing Party or Receiving Party identifies the information, and not thereafter, the Receiving Party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this action. The Producing Party and the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel. Notwithstanding this provision, no party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

14.   <u>MISCELLANEOUS</u>

14.1.   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

14.2.   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3.   <u>No Agreement Concerning Discoverability</u>. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the

Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

14.4.    Export Control.

(a)    Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data ("Protected Information"), and each Receiving Party shall comply with all applicable export control statutes and regulations. *See, e.g.*, 15 C.F.R. § 734. No Protected Information may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form. The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Information, exclusive of material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this Paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

(b)     The Parties acknowledge that some documents, information, or material may be subject to provisions and procedures outlined by the South Korean government's Ministry of Trade, Industry, and Energy ("MOTIE Documents"). The Parties agree to meet and confer in good faith on any issues arising relating to MOTIE Documents.

14.5.   Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 5.1.3 and Paragraph 5 of the Scheduling Order (D.I. 29).

14.6.   No Limitation on Legal Representation. Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

14.7.   Violations. If any Party violates the limitations on the use of Protected Material as described above, the Party violating this Order may be subject to sanctions, or any other remedies as appropriate, as ordered by the Court.

14.8.   Agreement Upon Execution. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

14.9.   Data Security. Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material. The Safeguards will meet or exceed relevant

industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material.

If Protected Material is to be used during a remote deposition, the Designating Party shall be permitted to specify the technology to be used to conduct the remote deposition with respect to that Protected Material (e.g., for audio/video conferencing and exhibit sharing).

14.10.  <u>Publicly Available Machine Translation, Generative AI Tools, or Other Services</u>. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and who received the other Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall not enter any information from a producing Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" into publicly accessible machine translation or other services (like Google Translate or ChatGPT) that may result in the information becoming available to unauthorized parties, provided, however, a receiving Party shall be permitted to engage reputable professional vendors (including translation vendors) to translate information from a producing Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" with the understanding that such professional vendors may use secure machine translation tools (i.e., offline proprietary software that runs

locally on the vendor's computers or proprietary software that utilizes private cloud-based technology) that immediately delete all data after completing the translation as part of the translation process. For the avoidance of doubt, the deletion of data applies to the secure machine translation tools and any intermediate data created as part of the translation process. The receiving Party hiring such professional vendors is responsible for reporting any breaches or loss of the producing Party's data by the professional vendors to the producing Party immediately upon becoming aware of the breach or loss of data, and the receiving Party shall use reasonable efforts to remediate the breach or loss of data as soon as possible.

15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must either return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, filings, or other documents served by or on any party (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any Protected Material for archival

purposes only. Notwithstanding this provision, no Party shall be required to return or destroy any materials designated under this Order that may exist on any disaster recovery backup system. Any such archival and/or backup copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

16.     <u>INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION</u>

The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this litigation. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

17.     <u>OTHER PROCEEDINGS</u>

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's Protected Material pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
| */s/ Rodger D. Smith II* | */s/ Karen E. Keller* |
| Rodger D. Smith II (#3778) | Karen E. Keller (#4489) |
| Anthony D. Raucci (#5948) | Emily S. DiBenedetto (#6779) |
| Ben Yenerall (#7132) | I.M. Pei Building |
| 1201 North Market Street | 1105 North Market Street, 12th Floor |
| P.O. Box 1347 | Wilmington, DE 19801 |
| Wilmington, DE 19899 | (302) 298-0700 |
| (302) 658-9200 | kkeller@shawkeller.com |
| rsmith@morrisnichols.com | edibenedetto@shawkeller.com |
| araucci@morrisnichols.com | |
| byenerall@morrisnichols.com | *Attorneys for Defendant* |
| | |
| *Attorneys for Plaintiffs* | |
| | |
| July 18, 2025 | |

IT IS SO ORDERED this  21st day of ___July___, 2025.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAMSUNG ELECTRONICS CO., LTD.      )
SAMSUNG SEMICONDUCTOR, INC., and   )
SAMSUNG ELECTRONICS AMERICA,       )
INC.                               )
                                   )
            Plaintiffs,            )        C.A. No. 23-1122 (JLH)
                                   )        **CONSOLIDATED**
      v.                           )
                                   )
NETLIST, INC.,                     )
                                   )
            Defendant.             )

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, the undersigned, hereby certify that I have read the Stipulated Protective Order entered in the United States District Court for the District of Delaware in the above-captioned action. I understand the terms of the Stipulated Protective Order.

I agree to comply with and to be bound by all the terms of the Stipulated Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" that is disclosed to me.

Promptly upon termination of this action, I will return all documents and things designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that came into

my possession, and all documents and things that I have prepared relating thereto, to the outside

counsel for the party who retained me or by whom I am employed.

I agree to submit to the jurisdiction of the United States District Court for the District of

Delaware with respect to any proceeding related to the enforcement of the Stipulated Protective

Order, including any proceedings related to contempt of Court, even if such enforcement

proceedings occur after termination of this action.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Name: _____

Address: _____

Current Employer: _____

Relationship to this action and its parties: _____

_____

EXECUTED this _____ day of _____

_____
Signature